SUMMONS ISSUED

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------- **CV 13** x
DANIELLE BARNETT,

                                                    Plaintiff,

                        -against-

CITY OF NEW YORK; Police Officer LUIS CAMPANA,
Shield No. 5142; and JOHN and JANE DOE 1 through 10,
individually and in their official capacities (the names John
and Jane Doe being fictitious, as the true names are
presently unknown),

                                                    Defendants.
--------------------------------------------------------------x

**2758**

**COMPLAINT**

Jury Trial Demanded

ECF Case

**GARAUFIS, J.**

**REYES, M.J**

        Plaintiff Danielle Barnett by her attorney Katherine E. Smith, complaining of the
defendants, respectfully alleges as follows:

## NATURE OF THE ACTION

        1.    Plaintiff brings this action for compensatory damages, punitive damages and
attorneys' fees pursuant to 42 U.S.C. §1983 and 42 U.S.C. §1988 for violations of their civil rights,
by defendants THE CITY OF NEW YORK; Police Officer LUIS CAMPANA, Shield No. 5142;
and Police Officers "JOHN and JANE DOE" #1-10", as said rights are secured by said statutes
and the Constitutions of the State of New York and the United States.

## JURISDICTION AND VENUE

        2.    This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth and
Fourteenth Amendments to the Constitution of the United States.

        3.    The jurisdiction of this Court is predicated upon 28 U.S.C. §§ 1331, 1343 and
1367(a).

4.      Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 (b) and (c).

## JURY DEMAND

5.      Plaintiff demands a trial by jury in this action.

## PARTIES

6.      Plaintiff Danielle Barnett ("plaintiff" or "Ms. Barnett") is a resident of Kings County in the City and State of New York.

7.      Defendant City of New York ("City") is a municipal corporation organized under the laws of the State of New York.

8.      Defendant City, maintains the New York City Police Department ("NYPD"), a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the New York State Criminal Procedure Law, acting under the direction and supervision of defendant City. The NYPD is responsible for the appointment, training, supervision, promotion and discipline of police officers and supervisory police officers, including the individually named defendants herein.

9.      Defendant Police Officer Luis Campana, Shield No. 5142 ("Campana"), at all times relevant herein, was an officer, employee and agent of the NYPD.  Defendant Campana is sued in his individual and official capacities.

10.     At all times relevant defendants John and Jane Doe 1 through 10 were police officers, detectives or supervisors employed by the NYPD.  Plaintiff does not know the real names and shield numbers of defendants John and Jane Doe 1 through 10.

11.     At all times hereinafter mentioned, the Municipal Defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official

rules, regulations, laws, statutes, customs, usages and/or practices of the State or City of New York.

14.     12.     Each and all of the acts of the Municipal Defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant City of New York.

13.     Each and all of the acts of the Municipal Defendants alleged herein were done by said defendants while acting in furtherance of their employment by defendant City of New York.

<strong>STATEMENT OF FACTS</strong>

14.     At approximately 9:40 p.m. on March 12, 2013, plaintiff was lawfully within the vicinity of 375 Fountain Avenue, Brooklyn, New York.

15.     Plaintiff and her husband reside at the above address.

16.     Plaintiff and her husband were en-route to meet their friends, as they were celebrating plaintiff's birthday.

17.     Several New York City Police Officers, including defendant Campana, stopped plaintiff.

18.     The defendants asked plaintiff what was in the cup that she was carrying.

19.     Plaintiff showed them that the cup was empty.

20.     The officers questioned plaintiff extensively and then demanded to see identification.

21.     Plaintiff produced identification and asked the officers why they were harassing her.

22.     In apparent retaliation, the officers, including defendant Campana, threw plaintiff to the ground, causing her to slam her head off of the ground.

23.    The defendants pushed their knees into plaintiff's back and used excessive force to put her into handcuffs.

24.    Plaintiff cried out in pain and told the officers that they were hurting her.

25.    Moreover, the cuffs were excessively tight and plaintiff pled with the officers to loosen them, but they refused.

26.    Despite the fact that they had no probable cause to believe that plaintiff had committed any crimes or offenses, the defendants, including defendant Campana, placed her under arrest.

27.    The defendants then notified an ambulance to respond to the scene.

28.    Plaintiff was then transported to Brookdale Hospital where she was treated for her injuries.

29.    Plaintiff remained handcuffed to a bed while at the hospital.

30.    From the Brookdale Hospital, plaintiff was transported to the 75th precinct.

31.    At the precinct the officers, including defendant Campana, falsely informed employees of the Queens County District Attorney's Office that they had observed plaintiff commit the following crimes: Obstruction of Governmental Administration, Resisting Arrest, Disorderly Conduct, and Consumption of Alcohol in Public.

32.    At no point did the officers observe plaintiff commit any crimes or offenses.

33.    From the police precinct, plaintiff was taken to Brooklyn Central Booking.

34.    Plaintiff was subsequently arraigned in Kings County Criminal Court.

35.    After spending approximately forty-eight (48) hours in custody, plaintiff was released.

36.    Plaintiff's criminal charges were adjourned in contemplation of dismissal.

37.     Plaintiff suffered damage as a result of defendants' actions.  Plaintiff was deprived of her liberty, suffered emotional distress, mental anguish, fear, pain, bodily injury, anxiety, embarrassment, humiliation, and damage to his reputation.

### FIRST CLAIM
### 42 U.S.C. § 1983 Federal Civil Rights Violations

38.     Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

39.     All of the aforementioned acts of defendants, their agents, servants and employees were carried out under the color of law.

40.     All of the aforementioned acts deprived plaintiff Barnett of the rights, privileges and immunities guaranteed to citizens of the United States by the First, Fourth, Fifth, Eighth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. §1983.

41.     The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with all the actual and/or apparent authority attendant thereto.

42.     The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and rules of the City of New York and the New York City Police Department, all under the supervision of ranking officers of said department.

43.     Defendants, collectively and individually, while acting under color of state law, engaged in conduct which constituted a custom, usage, practice, procedure or rule of his/her respective municipality/authority, which is forbidden by the Constitution of the United States.

## SECOND CLAIM
### False Arrest

44.    Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

45.    Defendants violated the Fourth and Fourteenth Amendments because they arrested plaintiffs without probable cause, privilege or consent.

46.    As a direct and proximate result of this unlawful conduct, plaintiff's liberty was restricted for an extended period of time, she was put in fear for her safety, humiliated and subjected to handcuffing, and other physical restraints, without probable cause, in addition to the damages hereinbefore alleged.

## THIRD CLAIM
### Unreasonable Force

56.    Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

57.    The defendants violated the Fourth and Fourteenth Amendments because they used unreasonable force on plaintiff.

58.    As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## FOURTH CLAIM
### Malicious Abuse of Process

59.    Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

60.    The individual defendants issued legal process to place plaintiff under arrest.

61.    The individual defendants arrested plaintiffs in order to obtain collateral objectives outside the legitimate ends of the legal process.

62.     The individual defendants acted with intent to do harm to plaintiff without excuse or justification.

63.     As a direct and proximate result of this unlawful conduct, plaintiff sustained, *inter alia*, loss of liberty, loss of earnings, emotional distress, mental anguish, shock, fright, apprehension, embarrassment, humiliation, and deprivation of her constitutional rights, in addition to the damages hereinbefore alleged.

## FIFTH CLAIM
### Failure to Intervene

64.     Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

65.     Those defendants that were present but did not actively participate in the aforementioned unlawful conduct observed such conduct, had an opportunity prevent such conduct, had a duty to intervene and prevent such conduct and failed to intervene.

66.     Accordingly, the defendants who failed to intervene violated the First, Fourth, Fifth and Fourteenth Amendments.

67.     As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## SIXTH CLAIM
### Denial Of Constitutional Right To Fair Trial

68.     Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

69.     The individual defendants created false evidence against plaintiff.

70.     The individual defendants forwarded false evidence to prosecutors in the Kings County District Attorney's office.

71.    In creating false evidence against plaintiff, and in forwarding false information to prosecutors, the individual defendants violated plaintiff's constitutional right to a fair trial under the Due Process Clause of the Fifth and Fourteenth Amendments of the United States Constitution.

72.    As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

### SEVENTH CLAIM
**Municipal Liability**

73.    Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

74.    Defendants arrested and incarcerated plaintiff in the absence of any evidence of criminal wrongdoing, notwithstanding their knowledge that said arrest and incarceration would jeopardize plaintiffs' liberty, well-being, safety and constitutional rights.

75.    The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers and officials, with all the actual and/or apparent authority attendant thereto.

76.    The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers and officials pursuant to the customs, policies, usages, practices, procedures, and rules of the City of New York and the New York City Police Department, all under the supervision of ranking officers of said department.

77.    The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department constituted a deliberate indifference to the safety, well-being and constitutional rights of plaintiff.

78.    The foregoing customs, policies, usages, practices, procedures and rules of the City

of New York and the New York City Police Department were the direct and proximate cause of

the constitutional violations suffered by plaintiff as alleged herein.

79.    The foregoing customs, policies, usages, practices, procedures and rules of the

City of New York and the New York City Police Department were the moving force behind

the constitutional violations suffered by plaintiff as alleged herein.

80.    As a result of the foregoing customs, policies, usages, practices, procedures and

rules of the City of New York and the New York City Police Department, plaintiff was illegally

stopped, subjected to excessive force, and was incarcerated unlawfully for approximately eleven

(11) months.

81.    Defendants, collectively and individually, while acting under color of state law,

were directly and actively involved in violating the constitutional rights of plaintiff.

82.    Defendants, collectively and individually, while acting under color of state law,

acquiesced in a pattern of unconstitutional conduct by subordinate police officers, and were

directly responsible for the violation of plaintiff's constitutional rights.

83.    The aforementioned customs, policies, usages, practices, procedures and rules of

the City of New York and the New York City Police Department included, but were not limited

to:

a)    Wrongfully stopping and detaining African-American individuals based on racial
profiling, as documented in the Civilian Complaint Review Board's June 2001
study, entitled "Street Stop Encounter Report: An Analysis of CCRB Complaints
Resulting From the New York Police Department's 'Stop & Frisk' Practices."

b)    Wrongfully stopping and detaining African-American individuals based on racial
profiling, as documented in the Office of the Attorney General of the State of
New York, Civil Rights Bureau's December 1, 1999 report entitled "New York

City Police Department's 'Stop & Frisk'" Practices: A Report to the People of the State of New York from the Office of the Attorney General."

84.     All of the foregoing acts by defendants deprived plaintiff of federally protected rights, including, but not limited to, the right:

A.     Not to be deprived of liberty without due process of law;

B.     To be free from seizure and arrest not based upon probable cause;

C.     To be free from the use of excessive force;

D.     Not to have cruel and unusual punishment imposed upon them; and

E.     To receive equal protection under the law.

85.     As a result of the foregoing, plaintiff is entitled to compensatory damages and further entitled to punitive damages against the individual defendants.

## **PRAYER FOR RELIEF**

**WHEREFORE**, plaintiff respectfully requests judgment against defendants as follows:

(a) Compensatory damages against all defendants, jointly and severally;

(b) Punitive damages against the individual defendants, jointly and severally;

(c) Reasonable attorneys' fees and costs pursuant to 28 U.S.C. § 1988; and

(d) Such other and further relief as this Court deems just and proper.


DATED:       May 7, 2013

New York, New York

Katherine E. Smith
495 Henry Street, #159
Brooklyn, NY 11231
ksmith@legalsmithny.com
347-470-3707

*Attorney for plaintiff*